UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS MARA-FIGUEROA,<br><br>Defendant. | Case No. 1:10-cr-00131-E-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court are Defendant's motions for return of property (Dkt 321, 324), motion to set aside judicial forfeiture (Dkt. 325), and motion to vacate, set aside, or correct sentence (Dkt. 327). For the reasons stated below, the Court will deny the Defendant's motions.

## BACKGROUND

On March 18, 2011, Defendant Mara-Figueroa pleaded guilty to Count 1 of the Superseding Indictment for Conspiracy to Distribute in Excess of 50 Grams of Methamphetamine, and the remaining counts were dismissed. Dkt. 160. In the plea agreement, Defendant Mara-Figueroa agreed to immediately forfeit to the United States the property set out in the Superseding Indictment including at least $20,000 or substitute assets of that value. *Id.* Defendant agreed to consent to the entry of orders of forfeiture for the property and to waive his rights regarding notice of the forfeiture. *Id.* Defendant also

agreed to waive all constitutional, legal, and equitable challenges to any forfeiture carried out in accordance with the plea agreement, and not to challenge any civil or administrative forfeiture of any property subject to forfeiture under the plea agreement. *Id.*

Defendant Mara-Figueroa was sentenced on August 4, 2011 to 70 months of imprisonment, followed by 5 years of supervised release and a forfeiture of cash proceeds of at least $20,000. *Id.* The Court entered a Final Order of Forfeiture on October 13, 2011. Dkt. 300. At all times during these proceedings defendant Mara-Figueroa was represented by counsel.

At the time of his arrest, Defendant's identification documents, a 2008 Ford 150 and $1,723.00 found in his wallet were seized by police. The 2008 Ford 150 has since been returned to the lienholder. *Gov. Response* at 2, Dkt. 322. On March 14, 2013, the United States filed a notice stating that the $1,723.00 seized from Defendant's wallet at the time of his arrest had been applied to the outstanding money judgment. Dkt. 318.

On May 15 and July 11, 2014, Defendant filed two identical motions seeking the return of: $3,500.00 in currency, personal identification documents, jewelry, and the 2008 Ford 150, which he alleged were seized by police when he was arrested. Dkt. 321, 324. Defendant also filed a motion to set aside the judicial forfeiture for lack of notice on July 11, 2014, and a motion to vacate the sentence due to ineffective assistance of counsel on August 22, 2014. Dkt. 325, 327.

## ANALYSIS

1.  **Motion to Vacate Sentence**

Defendant Mara-Figueroa brings a motion to vacate or set aside his sentence on the grounds of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. Defendant alleges that he was not adequately notified of the forfeiture provision in the plea agreement, there was no factual basis for a guilty plea, and counsel did not file a timely notice of appeal. *Id.* However, a one-year statute of limitation applies to motions under this section. 28 U.S.C. § 2255(f). Judgment was entered against Defendant in August 2011 and a final order of forfeiture in October 2011. Defendant did not file this motion until August 22, 2014, over three years after judgment was entered against him.

Defendant argues that he was unaware of the forfeiture or monetary judgment until the United States responded to his first motion for return of property on June 4, 2014. However, the limitations period starts running on the date in which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). Defendant received notice of the forfeiture after entering into the plea agreement on at least three occasions – the Preliminary Order for Forfeiture (Dkt. 241), the Criminal Judgment (Dkt. 287), and in the Final Order for Forfeiture (Dkt. 300), the last of which was released on October 13, 2011. A person exercising due diligence would have discovered the forfeiture provision after receiving such notice. The Court, therefore, denies Defendant's motion to vacate the sentence.

2.  **Motion to Set Aside and Motion to Return Property**

In the plea agreement, Defendant waived his right to notice of forfeiture proceedings in connection with the $20,000 in cash or substitute assets. The Court, therefore, will not entertain the motion to set aside forfeiture for lack of notice. The remaining issue is Defendant's motions to return property. A motion for return of property pursuant to Rule 41(g) may be granted if: (a.) the defendant is entitled to lawful possession of the seized property; (b) the property is not contraband; (c) the property is not subject to forfeiture; and (d) the government no longer needs the property as evidence. *United States v. Fitzen,* 80 F.3d 387, 388 (9th Cir.1996).

The United States no longer has control over the 2008 Ford 150, as it was returned to the lienholder, and, as such, Defendant has no legal right to the vehicle. Additionally, the $1,723.00 was subject to forfeiture, and was applied to the outstanding $20,000 judgment. Defendant's personal identification documents seized were found to be fraudulent and are, therefore, contraband. The United States denies that any jewelry or cash in excess of the $1,723.00 was seized from Defendant, and the Court finds no evidence that these items were seized. Defendant's motion to return property is denied.

## ORDER

**IT IS ORDERED:**

Defendant's Motions to Return Property (Dkt. 321, 324), Motion to Set Aside Forfeiture (Dkt. 325), and Motion to Vacate Sentencing (Dkt. 327) are **DENIED**.



DATED: November 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court